**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

| | |
|---|---|
| TIFFANY MANZO, Individually and For Others Similarly Situated | **Case No.** _____ |
| v. | Jury Trial Demanded |
| PRIMECARE MEDICAL, INC. | Rule 23 Class Action |

**ORIGINAL CLASS ACTION COMPLAINT**

**SUMMARY**

1.      Tiffany Manzo (Manzo) brings this class action to recover unpaid wages and other damages from PrimeCare Medical, Inc. (PrimeCare).

2.      Manzo worked for PrimeCare as a Medical Assistant at Monroe County Correction Facility in Stroudsburg, Pennsylvania.

3.      Like the Putative Class Members (as defined below), Manzo regularly worked more than 40 hours in a week.

4.      But PrimeCare did not pay them for all the hours they work.

5.      Instead, PrimeCare automatically deducted 30 minutes a day from these employees' work time for so-called "meal breaks."

6.      Manzo and the Putative Class Members were thus not paid for that time.

7.      But PrimeCare failed to provide Manzo and the Putative Class Members with *bona fide* meal breaks.

8.      And Manzo and the Putative Class Members did not actually receive *bona fide* meal breaks.

9.      Instead, PrimeCare required Manzo and the Putative Class Members to remain on-duty and perform compensable work throughout their shifts, and PrimeCare continuously subjected them to work interruptions during their unpaid "meal breaks."

10.     PrimeCare's auto-deduction policy violates the Pennsylvania Minimum Wage Act (PMWA) by depriving Manzo and the Putative Class Members of overtime wages for all overtime hours worked.

11.     Likewise, PrimeCare's auto-deduction policy violates the Pennsylvania Wage Payment and Collection Law (WPCL) by depriving Manzo and the Putative Class Members of all their earned wages (at the hourly and overtime rates PrimeCare agreed to pay them) for all hours worked.

12.     In addition to excluding time Manzo and the Putative Class Members worked during their unpaid "meal breaks," PrimeCare also paid these employees different hourly rates depending on what type of shifts they worked (or "shift differentials").

13.     But PrimeCare failed to include these shift differentials in calculating Manzo's and the Putative Class Members' regular rates of pay for overtime purposes.

14.     PrimeCare's shift differential pay scheme violates the PMWA and WPCL by depriving Manzo and the Putative Class Members of overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* renumeration received.

## JURISDICTION & VENUE

15.     This Court has original subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA).

16.     Specifically, (a) the matter in controversy exceeds $5,000,000; (b) at least one member of one member of Manzo's Putative Class and PrimeCare are citizens of different states; and (c) Manzo's Putative Class exceeds 100 members.

17.    This Court has general personal jurisdiction over PrimeCare because PrimeCare is a domestic corporation that is registered to do business in the Commonwealth.

18.    Venue is proper because PrimeCare is headquartered in Harrisburg, Pennsylvania, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

19.    Manzo worked for PrimeCare as a Medical Assistant at the Monroe County Detention Center in Stroudsburg, Pennsylvania from approximately January 2022 until September 2022.

20.    Throughout her employment, PrimeCare classified Manzo as non-exempt and paid her on an hourly basis.

21.    Throughout her employment, PrimeCare subjected Manzo to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

22.    But PrimeCare failed to provide Manzo with *bona fide* meal breaks, and she did not actually receive *bona fide* meal breaks.

23.    Further, throughout her employment, PrimeCare paid Manzo shift differentials that PrimeCare failed to include in calculating her regular rate of pay for overtime purposes.

24.    Manzo brings this action on behalf of herself and other similarly situated hourly, non-exempt PrimeCare employees in, or based out of, Pennsylvania[1] who (1) were subject to PrimeCare's

---

[1] The PMWA and WPCL apply to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which include (1) Employer's headquarters; (2) Employee's physical presence working in Pennsylvania; (3) Extent of employee's contact with Pennsylvania Employer, i.e. reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5)

automatic meal break deduction policy and/or (2) were paid under PrimeCare's shift differential pay scheme.

25.     PrimeCare automatically deducts 30 minutes from these employees' recorded work time for so-called "meal breaks."

26.     But PrimeCare fails to provide, and these employees do not actually receive, *bona fide* meal breaks.

27.     Instead, PrimeCare requires these employees to remain on-duty and perform compensable work throughout their shifts, including during their unpaid "meal breaks."

28.     Further, PrimeCare pays these employees shift differentials that it fails to include in calculating their regular rates of pay for overtime purposes.

29.     Thus, PrimeCare uniformly deprives these employees of wages (including overtime wages at the proper premium rate) for all hours worked, including those in excess of 40 hours in a workweek, in violation of the PMWA and WPCL.

30.     The Putative Class of similarly situated employees is defined as:

> **All hourly, non-exempt PrimeCare employees who worked in, or were based out of, Pennsylvania who received (1) a meal period deduction and/or (2) shift differentials at any time during the past 3 years ("Putative Class Members").**

31.     PrimeCare is a Pennsylvania corporation that maintains its principal and registered office in Harrisburg, Pennsylvania.

32.     PrimeCare is registered to do business in the Commonwealth.

---

Employee's ability to bring her claim in another forum. *See Matthews v. BioTelemtry, Inc.*, No. CV 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

33. PrimeCare may be served with process by serving its officers, directors, managing agents, or general agents at its registered office: **3940 Locust Lane, Harrisburg, Pennsylvania 17109**.

FACTS

34. PrimeCare "provides comprehensive healthcare services to county jails, prisons, and juvenile detention centers throughout the Northeastern United States[,]" including in Pennsylvania.[2]

35. To meet its business objectives, PrimeCare hires patient care workers, including Manzo and the Putative Class Members, to work in detention centers and correctional facilities throughout Pennsylvania.

36. PrimeCare uniformly classifies these employees as non-exempt and pays them on an hourly basis.

37. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

38. For example, Manzo worked for PrimeCare as a Medical Assistant at Monroe County Detention Center in Stroudsburg, Pennsylvania from approximately January 2022 until September 2022.

39. PrimeCare classified Manzo as non-exempt and paid her on an hourly basis.

40. PrimeCare subjected Manzo to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

41. But PrimeCare failed to provide Manzo with *bona fide* meal breaks, and Manzo did not actually receive *bona fide* meal breaks.

---

[2] http://www.primecaremedical.com/about-us/ (last visited July 10, 2023).

42.     Further, PrimeCare paid Manzo shift differentials depending on what types of shifts she worked.

43.     But PrimeCare failed to include these shift differentials in calculating Manzo's regular rate of pay for overtime purposes.

44.     As a Medical Assistant, Manzo's primary responsibilities included providing patient care services to inmates, such as intaking patients, checking vitals, charting medical histories and treatments, administering TB tests and vaccines, handling DUI bloodwork, and generally assisting doctors and other patient care staff with healthcare treatments.

45.     Manzo and the Putative Class Members perform their jobs under PrimeCare's supervision and use materials, equipment, and technology approved and supplied by PrimeCare.

46.     PrimeCare requires Manzo and the Putative Class Members to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

47.     At the end of each pay period, Manzo and the Putative Class Members receive wages from PrimeCare that are determined by common systems and methods that PrimeCare selects and controls.

48.     PrimeCare requires its hourly, non-exempt patient care employees, including Manzo and the Putative Class Members, to record their hours worked using PrimeCare's timeclock system.

49.     Further, PrimeCare subjects these patient care employees to a common policy and practice of automatically deducting time from their recorded hours worked and wages for meal periods.

50.     Specifically, PrimeCare automatically deducts 30 minutes a day from Manzo's and the Putative Class Members' recorded work time and wages for "meal breaks."

51.     PrimeCare automatically deducts this time regardless of whether Manzo and the Putative Class Members actually receive full, uninterrupted, 30-minute meal periods.

52.     PrimeCare simply assumes Manzo and the Putative Class Members receive *bona fide* meal breaks each shift they work.

53.     But PrimeCare fails to provide Manzo and the Putative Class Members with *bona fide* meal breaks.

54.     And Manzo and the Putative Class Members do not actually receive *bona fide* meal breaks.

55.     Instead, PrimeCare requires Manzo and the Putative Class Members to remain on-duty and perform compensable work for PrimeCare's predominant benefit throughout their shifts.

56.     And PrimeCare continuously subjects Manzo and the Putative Class Members to work interruptions during their unpaid meal periods.

57.     Because of these constant work interruptions, Manzo and the Putative Class Members are not free to engage in personal activities during their unpaid meal periods.

58.     Rather, during their unpaid "meal breaks," Manzo and the Putative Class Members are necessarily forced to substantially perform their regular patient care job duties and responsibilities.

59.     Thus, Manzo and the Putative Class Members routinely spend their unpaid "meal breaks" performing work for PrimeCare's—not these employees'—predominant benefit.

60.     This unpaid time is compensable under the PMWA because PrimeCare knew, or should have known, that (1) Manzo and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they were not completely relieved of all duties during their "meal breaks," (4) they entirely skipped the meal period due to work demands, (5) the meal period was

less than 30 consecutive minutes, (6) they were not free to engage in personal activities during their meal periods because of constant work interruptions, (7) they remained on PrimeCare's premises, and/or (8) they spent their unpaid meal periods substantially performing their regular patient care duties for PrimeCare's predominant benefit.

61.    This unpaid time is also compensable under the WPCL because PrimeCare agreed to pay Manzo and the Putative Class Members set rates of pay (including "straight time" and overtime rates) for all time they worked, and PrimeCare fails to pay these employees their earned wages for these on-duty "meal breaks."

62.    PrimeCare fails to exercise its duty as Manzo's and the Putative Class Members' employer to ensure these employees are not performing work that PrimeCare does not want performed during their unpaid "meal breaks."

63.    And PrimeCare knows Manzo and the Putative Class Members routinely work "off the clock" during their unpaid meal breaks because PrimeCare expects and requires these employees to do so.

64.    In fact, Manzo and the Putative Class Members repeatedly complained to PrimeCare's management and their supervisors about being forced to work during their unpaid "meal breaks."

65.    Despite accepting the benefits, PrimeCare does not pay Manzo and the Putative Class Members for the compensable work they perform during their "meal breaks."

66.    Thus, under PrimeCare's uniform automatic meal break deduction policy, Manzo and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they work over 40 hours in violation of the PMWA and WPCL.

67.    Likewise, under PrimeCare's uniform automatic meal break deduction policy, Manzo and the Putative Class Members are denied earned wages (including "straight time" and overtime wages) at their agreed rates of pay for those on-duty "meal breaks" in violation of the WPCL.

68.    Further, in addition to excluding time Manzo and the Putative Class Members work during their unpaid "meal breaks," PrimeCare also pays these employees shift differentials depending on what type of shifts they work.

69.    But PrimeCare fails to include these shift differentials in calculating Manzo's and the Putative Class Members' regular rates of pay for overtime purposes.

70.    PrimeCare's shift differential pay scheme violates the PMWA and WPCL, by failing to pay Manzo and the Putative Class Members overtime at rates not less than 1.5 times their regular rates of pay—based on *all* renumeration received.

71.    Manzo worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

72.    Likewise, each Putative Class Members worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

73.    Indeed, Manzo and the Putative Class Members typically work 8 to 10 hours a day for 5 to 6 days a week.

74.    And Manzo and the Putative Class Members regularly are also required to work "off the clock" during their unpaid meal breaks to complete their patient care job duties and responsibilities.

75.    As a result, Manzo and the Putative Class Members routinely work over 40 hours in a typical workweek.

9

76.     When Manzo and the Putative Class Members work more than 40 hours in a workweek, PrimeCare does not pay them overtime at rates not less than 1.5 times their regular rates of pay for all overtime hours worked because PrimeCare fails to include (1) time these employees work "off the clock" during their unpaid meal breaks in their total number of hours worked in a given workweek and/or (2) these employees' shift differentials and bonuses in calculating their regular rates of pay for overtime purposes in violation of the PMWA and WPCL.

77.     Likewise, when Manzo and the Putative Class Members work fewer than 40 hours in a workweek, PrimeCare does not pay them all their earned "straight time" wages (at their agreed hourly rates) for all hours worked because PrimeCare fails to include time these employees work during their unpaid meal breaks in their total number of hours worked in a given workweek in violation of the WPCL.

CLASS ACTION ALLEGATIONS

78.     Manzo incorporates all other paragraphs by reference.

79.     Manzo brings her claims as a class action on behalf of herself and the Putative Class Members pursuant to FED. R. CIV. P. 23.

80.     The Putative Class Members were uniformly victimized by PrimeCare's automatic meal break deduction policy and/or shift differential pay scheme, which are in willful violation of the PMWA and WPCL.

81.     Other Putative Class Members worked with Manzo and indicated they were paid in the same manner, performed similar work, and were subject to PrimeCare's same meal break deduction policy and/or shift differential pay scheme.

82.     Based on her experience with PrimeCare, Manzo is aware PrimeCare's illegal practices were imposed on the Putative Class Members.

83.     The Putative Class Members are similarly situated in all relevant respects.

84.     Even if their specific job titles and precise locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime and earned wages.

85.     Therefore, the specific job titles or precise job locations of the Putative Class Members do not prevent class treatment.

86.     Rather, the Putative Class is held together by PrimeCare's uniform (1) automatic meal break deduction policy and/or (2) shift differential pay scheme, both of which systematically deprived Manzo and the Putative Class Members of earned wages, including premium overtime pay.

87.     PrimeCare's failure to properly pay these employees "straight time" and overtime wages at the rates required by the PMWA and/or WPCL results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

88.     PrimeCare's records reflect the number of hours worked each week by the Putative Class Members.

89.     PrimeCare's records show that it automatically deducted 30 minutes a day from the Putative Class Members' recorded work time for meal breaks.

90.     PrimeCare's records also show that it paid the Putative Class Members shift differentials.

91.     The back wages owed to Manzo and the Putative Class Members can be calculated using the same formula applied to the same records.

92.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to PrimeCare's records, and there is no detraction from the common nucleus of liability facts.

93.     Therefore, the issue of damages does not preclude class treatment.

94.     Manzo's experiences are therefore typical of the experiences of the Putative Class Members.

95.     Manzo has no interest contrary to, or in conflict with, the Putative Class Members.

96.     Like each Putative Class Member, Manzo has an interest in obtaining the unpaid wages owed under Pennsylvania law.

97.     A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

98.     Absent this class action, many Putative Class Members will not obtain redress for their injuries, and PrimeCare will reap the unjust benefits of violating Pennsylvania wage laws.

99.     Further, even if some of the Putative Class Members could afford individual litigation against PrimeCare, it would be unduly burdensome to the judicial system.

100.    Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Putative Class Members' claims.

101.    The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

102.    Among the common questions of law and fact are:

a.      Whether PrimeCare engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the PMWA and/or WPCL;

b.      Whether PrimeCare's automatic meal break deduction policy deprived Manzo and the Putative Class Members of pay for time worked during meal periods

that were not *bona fide*, continuous, and uninterrupted in violation of the PMWA and/or WPCL;

c.   Whether PrimeCare failed to pay Manzo and the Putative Class Members overtime for all hours worked over 40 in a workweek, including hours worked during missed and interrupted meal breaks, in violation of the PMWA and/or WPCL;

d.   Whether PrimeCare failed to pay Manzo and the Putative Class Members all their earned wages (at their agreed hourly and overtime rates) for all hours worked, including hours worked during missed and interrupted meal breaks, in violation of the WPCL;

e.   Whether PrimeCare knew, or had reason to know, Manzo and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the PMWA and/or WPCL;

f.   Whether PrimeCare failed to include Manzo's and the Putative Class Members' shift differentials and bonuses in calculating these employees' regular rates of pay for overtime purposes in violation of the PMWA and/or WPCL;

g.   Whether PrimeCare's violations of the PMWA and/or WPCL resulted from a continuing course of conduct;

h.   Whether PrimeCare's decision not to pay Manzo and the Putative Class Members overtime wages at the proper rate for all overtime hours worked was made in good faith;

    i.      Whether PrimeCare's decision not to pay Manzo and the Putative Class Members all wages earned at the rates PrimeCare agreed to pay them for all work performed was the result of a *bona fide* dispute; and

    j.      Whether PrimeCare's violations of the PMWA and/or WPCL were willful.

103.    Manzo knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

104.    As part of its regular business practices, PrimeCare intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the PMWA and WPCL with respect to Manzo and the Putative Class Members.

105.    PrimeCare's illegal meal break deduction policy deprived Manzo and the Putative Class Members of wages, including overtime wages, for hours worked, including those worked over 40 in a week, which they are owed under the PMWA and/or WPCL.

106.    PrimeCare's illegal shift differential pay scheme deprived Manzo and the Putative Class Members of overtime wages at the proper premium rate (based on all renumeration received), which they are owed under the PMWA and/or WPCL.

107.    PrimeCare is liable under the WPCL for failing to pay Manzo and the Putative Class Members "straight time" pay (at their agreed hourly rates) for all hours worked when they worked fewer than 40 hours in a workweek.

108.    PrimeCare is liable under the PMWA and WPCL for failing to timely pay Manzo and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked when they worked more than 40 hours in a workweek.

109.    PrimeCare's illegal policies deprived Manzo and the Putative Class Members of wages, including overtime wages at the proper premium rate, which they are owed under Pennsylvania law.

### PrimeCare's PMWA and WPCL Violations Were Willful and/or Done in Reckless Disregard of the PMWA and WPCL

110.    Manzo incorporates all other paragraphs by reference.

111.    PrimeCare knew it was subject to the PMWA and WPCL, including their respective overtime provisions.

112.    PrimeCare knew the PMWA and WPCL require it to pay employees, including Manzo and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay—based on *all* renumeration received—for all hours worked after 40 in a workweek.

113.    PrimeCare knew the WPCL requires it to pay employees, including Manzo and the Putative Class Members, all wages earned, at the rates PrimeCare agreed to pay them, for all hours worked.

114.    PrimeCare knew Manzo and the Putative Class Members were non-exempt employees entitled to overtime.

115.    PrimeCare knew Manzo and the Putative Class Members were paid on an hourly basis.

116.    PrimeCare knew Manzo and the Putative Class Members worked over 40 hours in at least one workweek during the relevant period because PrimeCare required these employees to record their hours worked using PrimeCare's timeclock system.

117.    PrimeCare knew it paid Manzo and the Putative Class Members shift differentials.

118.    PrimeCare knew the PMWA and WPCL required it to include Manzo's and the Putative Class Members' shift differentials in calculating their regular rates of pay for overtime purposes.

119.   Nonetheless, PrimeCare knowingly and willfully failed to include Manzo's and the Putative Class Members' shift differentials in calculating their regular rates of pay for overtime purposes.

120.   Thus, PrimeCare knew, should have known, or showed reckless disregard for the fact it failed to pay Manzo and the Putative Class Members overtime wages at the proper premium rate—based on all renumeration received—in violation of the PMWA and WPCL.

121.   PrimeCare's failure to pay Manzo and the Putative Class Members overtime wages at the proper premium rate was neither reasonable, nor was the decision not to pay these employees overtime wages at the proper premium rate made in good faith.

122.   PrimeCare knew the PMWA and WPCL required it to pay hourly, non-exempt employees, including Manzo and the Putative Class Members, for all hours these employees performed compensable work.

123.   PrimeCare knew that, as Manzo's and the Putative Class Members' employer, it had a duty to ensure these employees were not performing work that PrimeCare did not want performed during their unpaid "meal breaks."

124.   PrimeCare knew it failed to provide Manzo and the Putative Class Members with *bona fide* meal breaks.

125.   PrimeCare knew Manzo and the Putative Class Members did not actually receive *bona fide* meal breaks.

126.   PrimeCare knew Manzo and the Putative Class Members regularly worked during their unpaid meal breaks because PrimeCare expected and required them to do so.

127.    PrimeCare knew Manzo and the Putative Class Members regularly spent their meal breaks substantially performing their normal patient care job duties for PrimeCare's predominant benefit.

128.    Indeed, Manzo and the Putative Class Members repeatedly complained to PrimeCare's management, HR, and their supervisors about being forced to work during their unpaid "meal breaks."

129.    Thus, PrimeCare knew Manzo and the Putative Class Members performed compensable work during their unpaid meal breaks.

130.    Nonetheless, PrimeCare automatically deducted 30 minutes a day from Manzo's and the Putative Class Members' recorded work time for "meal breaks," regardless of whether they actually received *bona fide* meal breaks.

131.    Thus, PrimeCare knew, should have known, or showed reckless disregard for the fact that it did not pay Manzo and the Putative Class Members for all hours these employees performed compensable work, including during their unpaid meal breaks.

132.    In other words, PrimeCare knew, should have known, or showed reckless disregard for the fact that it failed to pay Manzo and the Putative Class Members overtime wages for all overtime hours worked, including hours worked during their unpaid meal breaks, in violation of the PMWA and WPCL.

133.    Likewise, PrimeCare knew, should have known, or showed reckless disregard for the fact that it failed to pay Manzo and the Putative Class Members earned regular and overtime wages (at the rates PrimeCare agreed to pay them) for all hours worked, including hours worked during their unpaid meal breaks, in violation of the WPCL.

134.   PrimeCare's failure to pay Manzo and the Putative Class Members overtime for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime for all overtime hours worked made in good faith.

135.   Likewise, PrimeCare's failure to pay Manzo and the Putative Class Members all their earned wages (at their agreed rates of pay) for all hours worked was neither reasonable, nor was PrimeCare's decision to not pay these employees all their earned wages (at their agreed rates of pay) for all hours worked made in good faith.

136.   PrimeCare failure to pay Manzo and the Putative Class Members earned wages and overtime wages was not the result of a *bona fide* dispute.

137.   PrimeCare knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Manzo and the Putative Class Members of wages, including overtime wages at the proper premium rate, for all hours worked, including those worked over 40 in a workweek, in violation of the PMWA and WPCL.

138.   Indeed, PrimeCare and its affiliated entities have been sued previously by employees for failing to pay wages, including for time spent working during automatically deducted meal breaks, in violation of federal and state wage and hour laws. *See, e.g., Kyer v. PrimeCare Medical, Inc.,* No. 1:23-CV-00176 (M.D. Pa.).

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA

139.   Manzo incorporates all other paragraphs by reference.

140.   Manzo brings her PMWA claims as class action on behalf of herself and the Putative Class Members pursuant to FED. R. CIV. P. 23.

141.   The conduct alleged violates the PMWA. 43 PA. STAT. § 333.101, *et seq.*

18

142.    At all relevant times, PrimeCare was subject to the requirements of the PMWA because PrimeCare is an "employer" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(g).

143.    At all relevant times, PrimeCare employed Manzo and the Putative Class Members as "employees" covered by the PMWA's protections. *See* 43 PA. STAT. § 333.103(h).

144.    PrimeCare's uniform compensation schemes imposed on Manzo and the Putative Class Members failed to comply with 43 PA. STAT. § 333.104(c) and/or 34 PA. CODE § 231.43(b).

145.    Section 333.104(c) of the PMWA requires employers, like PrimeCare, to pay employees, like Manzo and the Putative Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. 43 PA. STAT. § 333.104(c).

146.    PrimeCare violated, and is violating, the PMWA by failing to pay Manzo and the Putative Class Members overtime wages (at the proper premium rate based on all renumeration received) for all hours worked after 40 in a workweek, including time these employees work during their unpaid "meal breaks." *See* 43 PA. STAT. § 333.104(c).

147.    PrimeCare's unlawful conduct harmed Manzo and the Putative Class Members by depriving them of the overtime wages they are owed.

148.    PrimeCare has acted willfully and has engaged in a continuing violation of the PMWA with respect to Manzo and the Putative Class Members.

149.    Accordingly, Manzo and the Putative Class Members are entitled to recover their unpaid overtime in amount equal to 1.5 times the regular rate of pay for all hours worked in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, as well as attorney's fees, costs, and expenses of this action, as provided by the PMWA. *See* 43 PA. STAT. § 333.113.

## COUNT II
### FAILURE TO PAY ALL WAGES EARNED UNDER THE WPCL

150.    Manzo incorporates all other paragraphs by reference.

151.     Manzo brings her WPCL claims as class action on behalf of herself and the Putative Class Members pursuant to FED. R. CIV. P. 23.

152.     The conduct alleged violates the WPCL. 43 PA. STAT. § 260.1, *et seq.*

153.     At all relevant times, PrimeCare was subject to the requirements of the WPCL because PrimeCare is an "employer" within the meaning of the WPCL. *See* 43 PA. STAT. § 260.2a.

154.     At all relevant times, PrimeCare employed Manzo and the Putative Class Members as covered "employees" within the meaning of the WPCL.

155.     The WPCL requires employers, like PrimeCare, to pay employees, like Manzo and the Putative Class Members, all wages (including "straight time" and overtime wages) earned, due, and owing to them on their regular payday. 43 PA. STAT. § 260.3(a).

156.     During the course of their employment, PrimeCare agreed to pay Manzo and each Putative Class Members an hourly rate for all hours they worked under and up to 40 hours in a workweek, as well as overtime rates for all hours they worked in excess of 40 hours in a workweek.

157.     Manzo and each Putative Class Members accepted PrimeCare's offer.

158.     But during the course of their employment, PrimeCare failed to pay Manzo and the Putative Class Members all their earned wages because (1) PrimeCare automatically deducted 30 minutes/shift for meal breaks, and/or (2) PrimeCare failed to include these employees' shift differentials in calculating their regular rate of pay for overtime purposes.

159.     As a result of PrimeCare illegal automatic meal break deduction policy and/or shift differential pay scheme, PrimeCare deprived Manzo and the Putative Class Members have of all wages earned, due, and owing to them. *See* 43 PA. STAT. § 260.3(a).

160.     PrimeCare's unlawful conduct harmed Manzo and the Putative Class Members by depriving them of the earned wages they are owed.

161.    PrimeCare's failure to pay Manzo and the Putative Class Members all wages earned at the rates PrimeCare agreed to pay them for all hours worked was not the result of a *bona fide* dispute.

162.    PrimeCare has acted willfully and has engaged in a continuing violation of the WPCL with respect to Manzo and the Putative Class Members.

163.    Accordingly, Manzo and the Putative Class Members are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages, and attorney's fees and costs, as provided by the WPCL. *See* 43 PA. STAT. § 260.9a.

## JURY DEMAND

164.    Manzo demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Manzo, individually and on behalf of the Putative Class Members, seeks the following relief:

  a. An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

  b. An Order appointing Manzo and her counsel to represent the interests of the Putative Class;

  c. An Order finding PrimeCare liable to Manzo and the Putative Class Members for unpaid overtime wages owed under the PMWA, as well as for all available penalties;

  d. An Order finding PrimeCare liable to Manzo and the Putative Class Members for unpaid earned "straight time" and overtime wages owed under the WPCL, as well as for liquidated damages;

  e. An Order awarding Manzo and the Putative Class Members an additional 25% penalty under the WPCL;

f.    A Judgment awarding Manzo and the Putative Class Members all unpaid wages, liquidated damages, and any other penalties available under the PMWA and WPCL;

g.    An Order awarding attorney's fees, costs, and expenses;

h.    An Order awarding pre- and post-judgment interest at the highest applicable rates; and

i.    An Order awarding such other and further relief as may be necessary and appropriate.

Dated: July 24, 2023                              Respectfully submitted,


                                                  By: _/s/ Scott B. Cooper_____

                                                  **Scott B. Cooper**
                                                  PA Bar No. 70242
                                                  **Schmidt Kramer PC**
                                                  209 State Street
                                                  Harrisburg, PA 17101
                                                  717-888-8888 – Telephone
                                                  717-232-6467 – Facsimile
                                                  scooper@schmidtkramer.com

                                                  Michael A. Josephson, PA ID No. 308410
                                                  Andrew W. Dunlap*
                                                  **JOSEPHSON DUNLAP LLP**
                                                  11 Greenway Plaza, Suite 3050
                                                  Houston, Texas 77046
                                                  Tel: (713) 352-1100
                                                  Fax: (713) 352-3300
                                                  mjosephson@mybackwages.com
                                                  adunlap@mybackwages.com

                                                  Richard J. (Rex) Burch*
                                                  **BRUCKNER BURCH PLLC**
                                                  11 Greenway Plaza, Suite 3025
                                                  Houston, Texas 77046
                                                  Tel: (713) 877-8788
                                                  rburch@brucknerburch.com

                                                  *Pro hac vice applications forthcoming*

                                                  **ATTORNEYS FOR PLAINTIFF &
                                                  THE PUTATIVE CLASS MEMBER**